<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td align="center">MARCELINO TORRES PÉREZ<br><br>Recurrido<br><br>v.<br><br>SOUTH AMERICAN RESTAURANTS, CORP.<br><br>Peticionario</td>
<td align="center">TA2026CE00635</td>
<td>*CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: GR2025CV00038<br><br>Sobre:<br>Ley núm. 115 de 20 de septiembre de 1991</td>
</tr>
</table>

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante este tribunal apelativo, South American Restaurants, Corp. (South American o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 6 de mayo de 2026, notificada al día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

El 13 de febrero de 2025, el Sr. Marcelino Torres Pérez (señor Torres Pérez o recurrido) presentó querella contra South American por discrimen por represalias bajo el procedimiento sumario estatuido en la Ley núm. 2 del 17 de octubre de 1961, según enmendada, conocida como *Ley de Procedimiento Sumario de*

*Reclamaciones Laborales* (Ley núm. 2).[1] En síntesis, arguyó haber sido despedido por South American veintiún (21) días después de haber presentado una queja contra su supervisora por acoso laboral, ello, en violación a la Ley núm. 115-1991, conocida como la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial* (Ley núm. 115).

El 28 de febrero de 2025 la parte peticionaria instó la contestación a la querella en la que aceptó algunas alegaciones y negó otras. Argumentó que el señor Torres Pérez nunca presentó una queja formal, por lo que negó que este haya sido despedido por represalias.[2] Asimismo, arguyó que las acciones que tomó South American respecto a la terminación del empleo del recurrido, "fueron motivadas por razones legítimas y justificadas de negocio, y todas estuvieron relacionadas con la administración adecuada de la Compañía y el buen y normal funcionamiento de la empresa".

Luego de varios incidentes procesales, innecesarios pormenorizar, el 19 de septiembre de 2025, South American presentó *Solicitud para que se Dicte Sentencia Sumariamente.*[3] En esencia, adujo que: (1) el señor Torres Pérez no pudo establecer su caso bajo la Ley núm. 115 por represalias, toda vez que la queja del peticionario no constituye una acción protegida por la precitada ley; (2) aun cuando la queja fuera un acción protegida, a su entender, no existe un nexo causal entre la supuesta queja y la terminación del empleo; (3) South American tenía razones legítimas para terminar el empleo del peticionario y; (4) que la decisión de la empresa para separar de su puesto al señor Torres Pérez merece deferencia judicial. En ese sentido, South American esbozó que,

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 4.
[3] SUMAC TPI, Entrada núm. 50.

previo a la queja de Torres Pérez, se inició una investigación en su contra como consecuencia de varios incidentes con múltiples empleados bajo su supervisión. A raíz de la investigación en su contra, es que Torres Pérez procede con su queja. Eventualmente, South American lo separa de su puesto, según aduce, por recomendación de la Dra. Aida Rivera, Psicóloga Industrial, quien concluyó que "las situaciones que reportaban los empleados sobre Torres no podrían atenderse con *coaching* por éste demostrar un bajo nivel de liderazgo y destrezas básicas para ocupar una posición de director".[4] Finalmente, precisó que no existían hechos sustanciales en controversia, por lo que procedía en derecho dictar sentencia sumaria desestimando la querella. Incluyó como anejos los siguientes documentos: Declaración Jurada suscrita por la Sra. Joamanda M. Morales Vega; Deposición de Marcelino Torres Pérez (con varios *exhibits*); fotografías de actividades; y Declaración Jurada suscrita por la Sra. María Elena Crespo.

El 30 de octubre de 2025, el señor Torres Pérez presentó escrito intitulado *Oposición a Solicitud de Sentencia Sumaria*.[5] En apretada síntesis planteó que, de no haber hechos en controversia, procedía dictar sentencia sumaria a su favor. Toda vez que, a su entender, la acción protegida por la Ley núm. 115 no requiere que la queja se tramite por las formalidades establecidas en la empresa y que, el tiempo entre la queja, la conversación con su supervisora y el despido, constituían el nexo causal. A su vez, expresó que "nunca tuvo la oportunidad de atender las alegadas quejas de algunos subordinados -fueran o no ciertas- porque se le vino a dar conocimiento el mismo día de su evaluación, es decir, el 9 de diciembre de 2024". En remedio añadió que, del tribunal entender que existían hechos en controversia, ordenara la desestimación de

---

[4] Íd. A la pág. 13.
[5] SUMAC TPI, Entrada núm. 54.

la solicitud de sentencia sumaria y, en consecuencia, la continuación de los procedimientos y el juicio en su fondo.  Con el escrito anejó varios documentos como: Deposición del Sr. Marcelino Torres Pérez; Carta del 9 de diciembre de 2024; Mensaje de texto; Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos; Contestación a Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos; Manual de Empleados; Evaluación de desempeño; Minuta reunión y Diploma.

El 10 de noviembre de 2026, South American presentó *Réplica a Oposición a Solicitud de Sentencia Sumaria.*[6] Mediante esta, añadió que la oposición presentada por el señor Torres Pérez no era propiamente una oposición, sino una solicitud para resolver sumariamente a su favor, pero sin cumplir con los requisitos reglamentarios. A su vez, arguyó que la solicitud del señor Torres Pérez era una muestra de que no habían hechos controvertidos.

El 17 de noviembre de 2025, el señor Torres Pérez presentó *Dúplica a Réplica a Oposición a Solicitud de Sentencia Sumaria.*[7] Mediante esta, se reafirmó en los planteamientos respecto a que participó de un acto protegido, fue despendido en represalia por ese acto y, logró establecer el nexo causal entre el acto y el despido. Nuevamente, solicitó que se resolviera sumariamente a su favor o, en remedio, un juicio plenario para dirimir los asuntos controvertidos u objeto de adjudicación de credibilidad.

El 1 de diciembre de 2025, se llevó a cabo la *Vista Argumentativa* para discutir el asunto de la resolución sumaria. El 7 de mayo de 2026, el TPI emitió la *Resolución Interlocutoria* recurrida en la que declaró *No Ha Lugar* la solicitud de sentencia sumaria instada por la parte peticionaria.[8] En el dictamen, el foro *a*

---

[6] SUMAC TPI, Entrada núm. 58.
[7] SUMAC TPI, Entrada núm. 63.
[8] SUMAC TPI, Entrada núm. 70.

*quo* consignó cuarenta y tres (43) determinaciones de hechos incontrovertidos. Asimismo, razonó que existen controversias de hechos medulares que deben ser dilucidadas en un juicio plenario, en el cual el tribunal pueda aquilatar la prueba testifical y documental, y adjudicar credibilidad. Añadió que "existen versiones encontradas y contradicciones que, definitivamente, no deben ser adjudicadas por la vía sumaria".[9] Sobre los hechos en controversia, el TPI enumeró los siguientes:

1. Expresiones específicas que hiciera el querellante Torres con relación al alegado acoso por parte de la Lcda. Joamanda Morales.

2. Actuaciones de la administración/gerencia de SARCO, si alguna, con relación a la queja presentada por el querellante Torres.

3. Totalidad de los incidentes que motivaron/justificaron el despido del querellante Torres.

4. Advertencias y/o amonestaciones al querellante Torres por las quejas o incidentes alegados por los empleados.

5. Criterios utilizados para la asignación de puntuaciones en la evaluación de desempeño del querellante Torres.

6. Oportunidades, si alguna, que le brindaron al querellante Torres para realizar las mejoras solicitadas en la evaluación que le hicieron.

7. Criterios/razones para la concesión del bono al querellante Torres, a pesar de que, para dicha fecha, se había realizado una investigación de las quejas de los empleados en contra de este y se hicieron unos señalamientos en la evaluación de desempeño.

8. Razones por las cuales algunos empleados supervisados por el querellante Torres renunciaron o se trasladaron de división dentro de SARCO.

9. Procedimiento establecido en las políticas internas de SARCO para la presentación de quejas, sobre imposición de amonestaciones y conductas e incidentes que motiven el despido.

Corolario de esto, el foro primario entendió que no se le colocó en posición de determinar si las manifestaciones que hizo el señor Torres Pérez por mensaje de texto y que discutiera luego

---

[9] Íd. A las págs. 15-16.

constituyeron una "queja" para fines de la Ley Núm. 115, *supra,* sobre represalias. Tampoco estaba en posición para determinar que el despido del señor Torres Pérez fue justificado. Así, reafirmó que dichos asuntos debían resolverse luego de aquilatar prueba testifical y documental sujeta a la adjudicación de credibilidad.

Inconforme, South American acude ante este foro intermedio mediante recurso de *certiorari* imputándole al foro primario la comisión de los siguientes errores:

> ERRÓ EL TPI AL NO DESESTIMAR LA RECLAMACIÓN DE REPRESALIAS DEL QUERELLANTE LUEGO DE CONCLUIR CORRECTAMENTE QUE NO SE LE HABÍA PUESTO EN POSICIÓN DE DETERMINAR QUE LA QUEJA DE ACOSO CONSTITUÍA UNA ACCIÓN PROTEGIDA PARA PROPÓSITOS DE LA LEY 115.

> ERRÓ EL TPI AL DENEGAR LA SUMARIA UTILIZANDO COMO BASE CRITERIOS QUE SOLO SON APLICABLES A CASOS DE DESPIDO INJUSTIFICADO BAJO LA LEY 80 Y QUE SON IRRELEVANTES PARA EL ANÁLISIS DE LA RECLAMACIÓN DE REPRESALIAS QUE SE PERSIGUE CONTRA SARCO EN LA QUERELLA DE EPÍGRAFE.

> ERRÓ EL TPI AL NO TOMAR COMO INCONTROVERTIDOS LOS HECHOS PRESENTADOS POR SARCO EN SU SUMARIA QUE FUERON ADMITIDOS POR EL DEMANDANTE EN SU OPOSICIÓN Y ESTIPULADOS POR LAS PARTES, ASÍ COMO LOS QUE NO FUERON DEBIDAMENTE CONTROVERTIDOS POR EL DEMANDANTE.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (*Injunction*) de Procedimiento Civil; (2)

la denegatoria de una moción de carácter dispositivo; y (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Además, aun cuando estén presentes los requisitos de la Regla 52, *supra*, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 63. En lo aquí concerniente, la Regla 40 establece que:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas en dicha regla se encuentra presente en la petición. De estar alguna, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo

contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, la norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal de primera instancia, cuando este haya incurrido en arbitrariedad o en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580-581 (2009).

De otra parte, al tratarse el presente pleito de un procedimiento especial, al amparo de la Ley núm. 2, *supra,* es preciso remitirnos a lo expuesto en dicha ley y a la jurisprudencia interpretativa. El alcance de dicha ley se ha extendido a procesos judiciales relacionados con reclamaciones por: "(1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores". *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 922 (1996).

En nuestro ordenamiento se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999). Por ello, **solo se ha permitido que este tribunal revise resoluciones interlocutorias** provenientes de un procedimiento sumario al amparo de la referida ley **cuando dicha resolución sea dictada sin jurisdicción, de forma *ultra vires,* la revisión inmediata dispone del caso en su totalidad o en casos extremos, en los cuales los fines de la justicia requieran la intervención de este tribunal**. *Íd.,* pág. 498 Nuestro Tribunal

Supremo ha sido enfático respecto a este punto en diversas ocasiones. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 171 (2001); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006) y en el más reciente *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016). La razón de ser de esta norma general de abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498.

**III.**

En esencia, en sus primeros dos señalamientos de error, South American expuso que el TPI erró al denegar la solicitud para desestimar de manera sumaria luego de reconocer que el señor Torres Pérez no le colocó en posición de determinar que la alegada queja constituye una acción protegida al amparo de la Ley núm. 115, *supra*, basándose en criterios que solo son aplicables a los casos bajo la Ley núm. 80. Por otro lado, en su tercer señalamiento, adujo que erró el foro primario al no tomar como incontrovertidos los hechos que, a su entender, fueron admitidos y los que no fueron debidamente controvertidos por el señor Torres Pérez en la oposición.

Ahora bien, del derecho antes expuesto surge claramente que este foro revisor únicamente tiene la facultad de revisar resoluciones interlocutorias emitidas en litigios, bajo el procedimiento sumario de reclamaciones laborales, cuando se trate de determinaciones dictadas *ultra vires* o sin jurisdicción o en caso de que existan circunstancias extremas en las que se requiera nuestra intervención a los fines de la justicia.

En virtud de lo anterior, de un análisis ponderado del expediente electrónico, así como de la determinación que se recurre, surge claramente que no nos encontramos en una situación donde

se haya emitido un dictamen sin jurisdicción o de forma *ultra vires*. *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, a las págs. 492-498. De igual forma, no estamos en un supuesto donde los fines de la justicia requieran la intervención de este tribunal en esta etapa del procedimiento. *Íd.*

Apuntalamos, que el foro primario, en la resolución impugnada bien fundamentada, fue enfático al determinar que existen hechos en controversia, cuya resolución no debe atenderse sumariamente. Además, precisó que para atender las controversias se hace necesario que estas sean dilucidadas en un juicio plenario, en el que el tribunal pueda aquilatar la prueba y **adjudicar credibilidad**.

Por su parte, aun si entendiéramos que podemos intervenir, colegimos que el TPI razonó acertadamente que existen controversias de hechos sustanciales por razón de "versiones encontradas y contradicciones que, definitivamente, no deben ser adjudicadas por la vía sumaria."

Por ende, examinado el recurso que nos ocupa, al palio de la Regla 40 de nuestro Reglamento, *supra*, y de la interpretación jurisprudencial de la Ley núm. 2, *supra*, determinamos que están ausentes los criterios específicos de cada una de estas fuentes de derecho apelativo, lo que nos impide ejercer nuestra discreción e intervenir con el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones